David Abrams, Attorney at Law
299 Broadway Suite 1700
New York, NY 10007
212-897-5821

UNITED STATES DISTRICT COURT
<u>EASTERN DISTRICT OF NEW YORK</u>
**UNITED STATES OF AMERICA** and
**STATE OF NEW YORK**
ex. rel. **GABRIEL RIVERA** and
**GABRIEL RIVERA IN HIS INDIVDUAL CAPACITY**

, Relator & Plaintiff,

No. 10 cv 6016 (RRM) (ALC)

v.

**MEDICAL ARTS SANITARIUM, INC.** a/k/a
**CORNERSTONE OF RHINEBECK** a/k/a
**CORNERSTONE TREATMENT FACILITIES NETWORK**

_____ Defendant

# AMENDED COMPLAINT

(Filed in-camera pursuant to 31 USC §3730(b)(2))

# INTRODUCTION

1. This is an action under the Federal False Claims Act, 31 USC 3729-3733 and the New York State False Claims Act which is brought on behalf of the United States of America and the State of New York by Relator Gabriel Rivera. Mr. Rivera also asserts claims in his individual capacity.

2. As set forth in more detail below, Relator alleges that the Defendant violated the False Claims Act by bribing prospective Medicaid patients with cigarettes in violation of the Anti-Kickback statute and overbilled for client therapy sessions. Relator has served a copy of this complaint and a written disclosure on the Government pursuant to 31 USC 3730(b)(2).

1

## JURISDICTION AND VENUE

3. This action is specifically authorized by 31 USC 3730(b). This court has subject matter jurisdiction of this matter pursuant to 31 USC 3730(b) and 28 USC 1331 and personal jurisdiction in that the Defendants reside in New York.

4. The Defendants' principal offices are located in The State of New York, County of Queens. Venue is therefore appropriate in the Eastern District of New York pursuant to 28 USC 1391(b) and 31 USC 3732.

## THE PARTIES

5. Relator Gabriel Rivera ("Relator" or "Mr. Rivera") is a natural person residing in the State of New York, County of New York.

6. Relator brings this action on behalf of the United States pursuant to 31 USC 3730 (b)(1). Relator is the original source of and has direct and independent knowledge of the allegations in this Complaint.

7. Upon information and belief, Defendant Medical Arts Sanitarium, Inc. a/k/a Cornerstone of Rhinebeck a/k/a Cornerstone Treatment Facilities Network is a New York business corporation with a principal place of business at 159-05 Union Turnpike, Fresh Meadows, NY 11366.

## FACTUAL BACKGROUND

8. Mr. Rivera was employed by Medical Arts Sanitarium, Inc. a/k/a Cornerstone of Rhinebeck a/k/a Medical Art Sanitarium, Inc. ("Medical Arts") as an assistant counselor for approximately 16 months until his job ended on or about May 12, 2010.

9. Medical Arts is a treatment facility for individuals with substance abuse problems. Upon information and belief, Medical Arts was reimbursed by Medicaid for the services it provided.

10. Medical Arts employed an individual named Ernest Sligh whose job it was to recruit patients for the facility.

11. Upon information and belief, Mr. Sligh would bribe individuals with cigarettes to induce them to enroll in the facility. Upon information and belief, this was done throughout the course of Mr. Rivera's employment.

12. In addition, Mr. Rivera required as an assistant counselor to record any client meeting, no matter how short,

on the client's chart without indicating the length of such meeting. Upon information and belief, Medical Arts billed Medicaid on numerous occasions throughout Mr. Rivera's employment for the standard minimum length of such meetings regardless of the length of the meeting.

13. Plaintiff is a Hispanic male of Mexican descent and origin.

14. While employed by the Employer, Plaintiff was the recipient of certain racial remarks by a co-worker. He formally complained about these remarks, among other things, to the Employer in March of 2010. (This was not his first complaint.)

15. The Employer investigated the complaint and as a result of the investigation, fired Plaintiff in May of 2010 alleging that he had lied on his job application about military service, specifically that he had checked "no" when questioned about military service on the job application.

16. Plaintiff had been in the military for one day in 1976 and was released the same day. He never took part in training; was never issued a uniform or weapon; and never received a DD-214 discharge form.

17. Thus, it was not unreasonable for Plaintiff to choose "no" for military service. Further, the Defendant admitted at Mr. Rivera's unemployment insurance hearing that military service was not relevant to his job duties.

18. Thus, the reasonable inference under the circumstances is that the Defendant was simply looking for a reason to discharge Mr. Rivera as a result of his discrimination complaint(s).

## AS AND FOR A FIRST CAUSE OF ACTION

19. Relator repeat all of the above allegations, with the same force and effect as if set forth in full herein.

20. The use of cigarettes to induce patients to enroll in Medical Arts' facility violates the Federal Anti-Kickback Statute, 42 U.S.C. 1320a-7b(b)(2), which makes it illegal to " knowingly and willfully offer[] or pay[] any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person . . . to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program . . . ."

21. As set forth above, Defendants knowingly presented, or caused to be presented, to the United States Government, false or fraudulent claims for payment or approval; and/or knowingly made, used, or caused

3

|    |    |
|----|----|
|    | to made or used, false records or statements to get false or fraudulent claims approved by the United States Government. |
| 22. | The United States Government has been damaged as a result of the foregoing. |

## AS AND FOR A SECOND CAUSE OF ACTION

23. Relator repeats all of the above allegations with the same force and effect as if set forth in full herein.

24. As set forth above, Defendant knowingly presented, or caused to be presented, to the State of New York, false or fraudulent claims for payment or approval; and/or knowingly made, used, or caused to made or used, false records or statements to get false or fraudulent claims approved by the State of New York.

25. The State of New York has been damaged as a result of the foregoing.

## AS AND FOR A THIRD CAUSE OF ACTION

26. Relator repeats all of the above allegations with the same force and effect as if set forth in full herein.

27. Defendant is subject to Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law in that at all relevant times, it had 15 or more persons on its payroll.

28. The Defendant's conduct constitutes unlawful retaliation in violation of the Civil Rights Act of 1964 and the New York State Human Rights Law.

WHEREFORE, Plaintiff United States of America and State of New York, ex. rel. Gabriel Rivera and Gabriel Rivera in his individual capacity, demand judgment against the Defendant as follows:

An award of money, in an amount presently indeterminable, for violation of State and Federal False Claims Acts duly trebled, together with civil penalties, lost wages, punitive, compensatory, and other damages; costs, attorneys fees, and such other and further relief as the Court deems just.

Dated: August 18, 2011

David Abrams (DA-8126)
Attorney for Relator
299 Broadway Suite 1700
New York, NY 10007
Tel. 212-897-5821